# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHAD McKINNEY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3:13-CV-276-JVB |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Chad McKinney, a *pro se* prisoner, filed a habeas corpus petition challenging his prison disciplinary proceeding which was held on December 19, 2012, at the Indiana State Prison. In ISP-12-12-166, the Disciplinary Hearing Body (DHB) found him guilty of Possession or Use of a Controlled Substance in violation of B-202 and deprived him of 30 days earned credit time.

McKinney was given a urinalysis. The lab results were positive for morphine. (DE 1-1 at 11.) McKinney presents one ground for challenging the hearing where he was found guilty. He argues that "Officer Parnell violated policy by not shipping specimen to Redwood laboratory within 24 hours of specimen collection." (DE 1 at 3.) However, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is irrelevant in this proceeding whether a prison policy was violated. Therefore McKinney has not presented a basis for habeas corpus relief.

Moreover, even if a violation of prison policy were sufficient (which it is not), McKinney has not presented any basis for believing that a prison policy was violated. He notes that the laboratory did not receive his sample until 78 hours and 25 minutes after it was taken. But he

quotes the policy as saying that it was "to be mailed within 24 hours of specimen collection whenever possible." (DE 1-1 at 5.) Not only is the 24 hour rule not absolute, it only governs when the sample is mailed to the lab, not when the lab receives it in the mail. The lab report shows when the sample was taken and when it was received at the lab, but it says nothing about when it was mailed. (*See* DE 1-1 at 11.) McKinney has provided nothing to indicate when the sample was mailed. Neither does he explain why he thinks that it took more than 24 hours to mail it. More to the point, McKinney does not even suggest that the result of a sample tested after 78 hours is unreliable.

In evaluating whether there is adequate evidence to support the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). Based on the lab test results (ECF 1-1 at 11), there was sufficient evidence to find McKinney guilty.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to 2254 Habeas Corpus Rule 4.

**SO ORDERED** on April 24, 2013.

      S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE